Michael R. White (State Bar No. 91148)
WHITE & REED LLP
5757 West Century Boulevard, Suite 700
Los Angeles, California 90045
Tel: (310) 843-9065
Fax: (310) 843-9064
Email: white@whitereed.com

John R. Strawn, Jr. (Texas Bar No. 19374100)
STRAWN PICKENS, LLP
Pennzoil Place, South Tower
711 Louisiana, Suite 1850
Houston, Texas 77002
Tel: 713-659-9600
Fax: 713-659-9601
Email: jstrawn@strawnpickens.com

Attorneys for Defendants
JUSTIN SCHREIBER, ANDREAS TYPALDOS,
and JOSEPH SALVANI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRANNON WHITE., <br><br> Plaintiff, <br><br> vs. <br><br> BLOCKCHAIN INDUSTRIES, INC., et al., <br><br> Defendants. | Case No.: 3:21-cv-00242-W (DEBx) <br><br> **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING** <br><br> Hearing Date: December 4, 2023 <br><br> **[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

Defendants JUSTIN SCHREIBER, ANDREAS TYPALDOS, and JOSEPH SALVANI (herein, the "Moving Defendants") hereby replies to the Opposition filed herein by Plaintiff DANIEL BRANNON WHITE ("White" or "Plaintiff") to the Moving Defendants' Motion for Leave to File Responsive Pleading, and state the

following:

1. Of the Moving Defendants, only Justin Schreiber and Joseph Salvani have been served. Andreas Typaldos has never been served, as even Plaintiff concedes. While the undersigned counsel intend to represent Typaldos in this proceeding, they have not agreed to "accept service" and Typaldos has not acknowledged receipt of the Summons and Complaint in lieu of service. But in any event, Typaldos is entitled to file a motion to dismiss, even without leave of court, since any such motion would be timely under Fed. R. Civ. P. 12. Obviously, it would be in the interests of the Court, judicial economy, and justice for Schreiber and Salvani to be allowed to raise the same issues as Typaldos in a motion to dismiss, particularly since one of the issues to be raised is that the Court lacks personal jurisdiction over these undisputedly out-of-state defendants. In fact, under these circumstances, the Court could dismiss the Complaint against Schreiber and Salvani on its own motion, based on the arguments which will in any event be raised Typaldos. See, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Ricotta v. California*, 4 F.Supp.2d 961, 968 n. 7 (S.D. Cal. 1998).

2. Plaintiff objects to Moving Defendants' attaching a copy of their proposed motion to dismiss to the instant Motion, claiming that by so doing, Moving Defendants were attempting to induce the Court to prematurely consider the merits of a motion to dismiss, presumably without hearing Plaintiff's opposition. Contrary to this claim, the proposed substantive motion was attached only to demonstrate to the Court that the arguments to be raised in support of dismissal (including the lack of personal jurisdiction over the Moving Defendants) are serious and warrant consideration by the Court at an early stage of this proceeding. This is obvious from the fact that Moving Defendants proposed that the Court either order the motion to dismiss be deemed filed and set it for hearing, *or* grant leave to Moving Defendants to file the motion. Either way, Plaintiff would have the opportunity to oppose the Motion.

3. Hearing a motion to dismiss by Schreiber and Salvani, in addition to one by Typaldos raising the same issues, will not result in even arguable prejudice to Plaintiff. Plaintiff's contention that he has "*relentlessly* pushed this case forward" (Doc. 41, p. 6) is belied by the fact that following the Court's lifting of the stay in March 2023, no dates have been set, no defaults have been taken, and no defendants other than the now-defunct Blockchain Industries, Inc., Schreiber, Salvani, Michael Conn, and Robert Kalkstein have been served. Thus, not only Typaldos, but Paul Kim, Patrick Moynihan, Kevin Hu, Richard Kromka, and Max Robbins remain unserved and have not appeared. Other than conjecture, there is nothing to support Plaintiff's argument that hearing a motion to dismiss will unduly delay the proceedings and be prejudicial or "unfair" to Plaintiff, particularly since a motion by Typaldos will be heard in any event.

4. Since Responding Defendants have not answered, they are entitled to have their motion to dismiss heard in any event, at least in the Ninth Circuit. In *Aetna Life Ins. Co. v. Alla Medical Service, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988), the court *reversed* the trial court's finding that a 12(b)(6) motion filed more than 20 days after service of the complaint was untimely, since the motion was filed before the defendant answered. See also, *Bechtel v. Liberty National Bank*, 534 F.2d 1335, 1340-41 (9th Cir. 1976); *Smith v. Wrigley*, 2008 WL 2225627 *1 (E.D. Cal. 2008). Since in this case, none of the Responding Defendants has answered, they should be permitted to file a motion to dismiss under Rule 12(b), despite the passage of more than 21 days since Schreiber and Salvani (but not Typaldos) were served.

5. For the foregoing reasons, as well as those set forth in the Motion for Leave, defendants Justin Schreiber, Joseph Salvani, and Andreas Typaldos respectfully request that their Motion for Leave be granted, and that they be permitted to file their Motion to Dismiss.

Respectfully submitted,

STRAWN PICKENS, LLP

By:   /s/ *John R. Strawn, Jr.*
      John R. Strawn, Jr., (TBN 19374100)

WHITE & REED LLP

By:   /s/ *Michael R. White*
      Michael R. White (SBN 91148)

Attorneys for Defendants
JUSTIN SCHREIBER, ANDREAS TYPALDOS, JOSEPH SALVANI