**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL BRANNON WHITE,<br><br>              Plaintiff,<br><br>v.<br><br>BLOCKCHAIN INDUSTRIES, INC.; PAUL KIM; JUSTIN SCHREIBER; ROBERT KALKSTEIN; ANDREAS TYPALDOS; JOSEPH SALVANI; PATRICK MOYNIHAN; KEVIN HU; RICHARD KROMKA; MICHAEL CONN; MAX ROBBINS; and DOES 1 through 25,<br><br>              Defendants. | Case No.: 21-cv-242 W (DEB)<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 53]** |

      Pending before the Court is HHJ Trial Attorneys' and Trembley Beck Law's ("Plaintiff Attorneys") ex parte application to withdraw as attorney of record for plaintiff Daniel Brannon White ("Plaintiff"). (*Ex Parte Application* [Doc. 53].) The Court decides the matter on the papers submitted and without oral argument. See CivLR 7.1(d)1. For the reasons set forth below, the Court **GRANTS** the application [Doc. 53].

## I. FACTUAL BACKGROUND

On February 2, 2021, Plaintiff's Attorneys filed this action against various defendants, including Blockchain Industries and Michael Conn, among others (collectively "Defendants"). (*Complaint* [Doc. 1].) The Complaint asserts thirteen causes of action, including a Whistleblower Retaliation Claim under the Dodd-Frank Act, failure to pay minimum wage, wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, and conspiracy to commit civil fraud. (*Id.*)

On June 24, 2021, Defendants filed a motion to dismiss the case—or in the alternative—to stay the action pending resolution of a Nevada state court's receivership proceeding with Blockchain. (*Mtn. to Dismiss* [Doc. 5] at 4, 16–20.) The Court agreed to stay the action during the receivership proceeding, and the motion to dismiss was vacated as moot. (*Stay Order* [Doc. 6].) Two years later, the Court granted Plaintiff's motion to lift the stay. (*Order to Lift Stay* [Doc. 23].)

Since then, the Court has issued several orders, including an order for Plaintiff to show cause as to why receipt of service has not been returned as to several defendants, as well as a case status order. In the case status order, the Court emphasized that "[the] case has sat inexplicitly idle for months . . . . [and] [i]t is time for this case to proceed or resolve." (*Case Status Order* [Doc. 49] 1, 17–20.)

On November 14, 2024, Plaintiff Attorneys filed the current ex parte application to withdraw as counsel of record for Plaintiff. Under this Court's Chamber Rules, "[e]x parte applications that are not opposed within two (2) court days will be considered unopposed and may be granted on that ground." Chamber's Rule 5. To date, there has been no opposition filed.

## II. DISCUSSION

An attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992); CivLR. 83.3(f)3. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion

of the trial court. . . ." <u>Washington v. Sherwin Real Estate, Inc.</u>, 694 F.2d 1081, 1087 (7th Cir. 1982). Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. <u>See</u> <u>Nehad v. Mukasey</u>, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Factors considered in evaluating the motion are "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." <u>CE Resource, Inc. v. Magellan Group, LLC</u>, 2009 WL 3367489, at *2 (E.D. Cal. 2009) (citing <u>Canandaigua Wine Co., Inc. v. Moldauer</u>, 2009 WL 89141, at *1 (E.D. Cal. 2009)).

California Rule of Professional Conduct 1.16 provides, in relevant part:

> (c) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
>
> (d) A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel . . . .

Under subsection (b), an attorney may withdraw if:

> (4) The client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (6) The client knowingly and freely assents to termination of the representation; or
>
> (10) The lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Finally, under this District's Civil Local Rules, a notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. CivLR 83.3(g).

Attorneys represent:

> Plaintiff was notified in writing that Plaintiff's Counsel would be withdrawing as his counsel of record in this action. Plaintiff's Counsel also has had several conversations with Plaintiff regarding its intent to withdraw as his counsel of record in this action. Plaintiff's Counsel initially put Plaintiff on notice of its intent to withdraw from the representation several months ago and has given Plaintiff ample time to search for new counsel to represent him in this action. Plaintiff has been actively searching for new counsel and has already met with several other attorneys for purposes of retaining new counsel to represent him in this action. Plaintiff's Counsel has checked in with Plaintiff on multiple occasions regarding the status of his search for new counsel and has even tried to help him find new counsel. Plaintiff has already met with several other attorneys for the purposes of retaining new counsel to represent him in this action.

(*Decl.* 3, ¶ 9.)

Further, Attorneys attest:

> Plaintiff has been apprised of the benefits and disadvantages of retaining new counsel, as well as the benefits and disadvantages of proceeding *pro se*. Plaintiff has knowingly and freely consented to the withdrawal by Plaintiff's Counsel and has decided to proceed *pro se* until he is able to find new counsel or makes the decision to proceed *pro se* for the entire action. Plaintiff's Counsel has provided Plaintiff with all pertinent documents and other client materials related to this action. Plaintiff has also been informed of the deadlines in this action, and Plaintiff intends to proceed *pro se*.

(*Id.* at 4, ¶ 11.)

The Court finds that good cause exists to permit Plaintiff's Attorneys to withdrawal. As to the reason for withdrawal, Attorneys cite that "Plaintiff and Plaintiff's Counsel have mutually agreed to part ways [because of] an irreconcilable divergence in case strategy . . . ." (*Id.* at ¶ 14.) As to the potential for harm to Plaintiff, Attorneys represent that he has been served with notice of the withdrawal, has freely consented to the withdrawal, and is

currently seeking new counsel. (*Decl.* 3, ¶ 9; 4, ¶ 11.) Additionally, given the lack of opposition and that discovery has not yet begun, the Court finds that granting the ex parte application will neither prejudice the other litigants or cause undue delay in the administration of justice.

## III.   CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** Plaintiff Attorneys' ex parte application to withdraw as attorney of record for Plaintiff Daniel Brannon White [Doc. 53] and **ORDERS** as follows:

- Attorneys shall serve a copy of this order on Plaintiff Daniel Brannon White and shall file the proof of service.

- On or before **December 16, 2024**, Plaintiff Daniel Brannon White shall file a notice with this Court confirming the mailing address for service of process.

- In light of this order, the Court **CONTINUES** Defendant Michael Conn's motion to dismiss [Doc. 50] to **January 31, 2025**, to allow Plaintiff an opportunity to find new counsel. Based on this hearing date, **Plaintiff's opposition to Defendants' motion to dismiss is due on or before February 7, 2025**, and the reply is due on or before **February 14, 2025**. Upon submission of the briefing, there shall be no oral argument on Defendants' motion to dismiss. See CivLR 7.1(d)1.

- **No further extensions of time will be granted.**

IT IS SO ORDERED.

Dated:  November 21, 2024

_____
Hon. Thomas J. Whelan
United States District Judge