UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRANNON WHITE,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKCHAIN INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No.:  21-CV-242 W (DEB)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE [DOC. 50]** |

Before the Court is Michael Conn's unopposed motion to dismiss Claims 5, 6, 10, 11, 13, and 14 of the Complaint as against Mr. Conn [Doc. 50].  For the reasons stated below, those claims are **DISMISSED** against Mr. Conn **WITH PREJUDICE**.

On February 2, 2021, Plaintiff filed this action against various defendants, including Blockchain Industries and Michael Conn, among others (collectively "Defendants").  (*Complaint* [Doc. 1].)  The Complaint asserts fourteen causes of action, including a Whistleblower Retaliation Claim under the Dodd-Frank Act, failure to pay

1

minimum wage, wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, and conspiracy to commit civil fraud.  (*Id.*)

On June 24, 2021, Defendants filed a motion to dismiss the case—or in the alternative—to stay the action pending resolution of a Nevada state court's receivership proceeding with Blockchain.  (*Mtn. to Dismiss* [Doc. 5] at 4, 16–20.)  The Court agreed to stay the action during the receivership proceeding, and the motion to dismiss was vacated as moot.  (*Stay Order* [Doc. 6].)  Two years later, the Court granted Plaintiff's motion to lift the stay.  (*Order to Lift Stay* [Doc. 23].)

Since then, the Court has issued several orders, including an order for Plaintiff to show cause as to why receipt of service has not been returned as to several defendants, as well as a case status order.  In the case status order, the Court emphasized that "[the] case has sat inexplicitly idle for months . . . . [and] [i]t is time for this case to proceed or resolve."  (*Case Status Order* [Doc. 49] 1, 17–20.)  Plaintiff failed to show cause as to those defendants, and they were dismissed from the case.  (*Order* [Doc. 56].)  Additionally, the Court granted Plaintiff Attorneys' (HHJ Trial Attorneys and Trembley Beck Law) Ex Parte Application to withdraw from the case [Doc. 53].  In that Order, the Court continued Plaintiff's deadline to respond to Michael Conn's motion to dismiss [Doc. 50] until February 7, 2025, but emphasized that "[n]o further extensions of time will be granted."  (*Order* [Doc. 57].)

The Court will grant Defendant's motion based on Plaintiff's failure to oppose the motion.  Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court."  The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).  Thus, the Court **GRANTS** Defendant's motion and **DISMISSES** Claims 5, 6, 10, 11, 13, and 14 as against

Mr. Conn. Further, because the Court's prior Order specified that no further extensions of time will be permitted, those claims will be dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED**

Dated: February 11, 2025

_____
Hon. Thomas J. Whelan
United States District Judge