# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRANNON WHITE,<br><br>  Plaintiff,<br><br>v.<br><br>BLOCKCHAIN INDUSTRIES INC., et al.,<br><br>  Defendants. | Case No.: 21-CV-242 W (DEB)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER UNDER CIVIL LOCAL RULE 41.1** |

On February 2, 2021, Plaintiff filed this action against various defendants, including Blockchain Industries and Michael Conn, among others (collectively "Defendants"). (*Complaint* [Doc. 1].) The Complaint asserts fourteen causes of action, including a Whistleblower Retaliation Claim under the Dodd-Frank Act, failure to pay minimum wage, wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, and conspiracy to commit civil fraud. (*Id.*)

On June 24, 2021, Defendants filed a motion to dismiss the case—or in the alternative—to stay the action pending resolution of a Nevada state court's receivership

1

proceeding with Blockchain. (*Mtn. to Dismiss* [Doc. 5] at 4, 16–20.) The Court agreed to stay the action during the receivership proceeding, and the motion to dismiss was vacated as moot. (*Stay Order* [Doc. 6].) Two years later, the Court granted Plaintiff's motion to lift the stay. (*Order to Lift Stay* [Doc. 23].)

Since then, Plaintiff has done nothing to litigate this case and has appeared to have abandoned prosecution. On October 3, 2024, the Court issued two orders. The first order required Plaintiff to show cause why several unserved defendants should not be dismissed from the case [Doc. 48]. Plaintiff failed to respond, and those defendants were dismissed from the case. (*Order* [Doc. 56].) The second was a case status order in which the Court pointed out that Plaintiff had failed to file an amended Complaint by the September 9, 2024, deadline. (*Case Status Order* [Doc. 49].) In that order, the Court emphasized that "[the] case has sat inexplicitly idle for months . . . . [and] [i]t is time for this case to proceed or resolve." (*Id.* at 1:17–20.)

Additionally, on November 14, 2024, Plaintiff's Attorneys (HHJ Trial Attorneys and Tremblay Beck Law) filed an Ex Parte Application to withdraw from the case [Doc. 53]. The Court granted the application, but also required: (1) Plaintiff to file a notice with the Court confirming his mailing address for service of process by December 16, 2024, and (2) Plaintiff to respond to Defendant Michael Conn's motion to dismiss no later than February 7, 2025. (*Order* [Doc. 57] at 5.) That Order specifically provided that, given all the delays with the case, "**[n]o further extensions of time will be granted.**" (*Id.*) On November 22, 2024, HHJ Trial Attorneys filed a certificate of service declaring, under penalty of perjury, that Plaintiff was served with the Court's order granting the Ex Parte Application [Doc. 59].

Now, both deadlines have come to pass, and Plaintiff has neither filed notice of his mailing address nor has responded to Defendant Michael Conn's motion to dismiss. Plaintiff has failed to move the case forward and comply with the Court's orders. Accordingly, it is hereby **ORDERED** that Plaintiff shall file a response to this Order

demonstrating good cause for his failure to prosecute this case on or before **February 26, 2025**.  If good cause is not shown, the case will be dismissed.

Dated:  February 12, 2025

_____
Hon. Thomas J. Whelan
United States District Judge