SERGENIAN LAW, A PROFESSIONAL
CORPORATION
David A. Sergenian, SBN 230174
  david@sergenianlaw.com
2355 Westwood Blvd. #529
Los Angeles CA 90064
Telephone: (213) 435-2035

Counsel for Defendant
MICHAEL CONN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DANIEL BRANNON WHITE,

      Plaintiff,

   v.

BLOCKCHAIN INDUSTRIES, INC., *et al.*,

      Defendants.

Case No. 3:21–CV–00242–W–DEB

Assigned to the Hon. Thomas J. Whelan

**DEFENDANT MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

# ANSWER

Defendant Michael Conn ("**Defendant**") files this Answer to Plaintiff's Complaint:

1. Defendant denies paragraph 1 in its entirety.

2. Defendant is without sufficient information to admit or deny the allegations of paragraph 2 and therefore denies the allegations in paragraph 2.

3. Defendant is without sufficient information to admit or deny the allegations of paragraph 3 and therefore denies the allegations in paragraph 3.

4. Defendant is without sufficient information to admit or deny the allegations of paragraph 4 and therefore denies the allegations in paragraph 4.

5. Defendant is without sufficient information to admit or deny the allegations of paragraph 5 and therefore denies the allegations in paragraph 5.

6. Defendant is without sufficient information to admit or deny the allegations of paragraph 6 and therefore denies the allegations in paragraph 6.

7. Defendant is without sufficient information to admit or deny the allegations of paragraph 7 and therefore denies the allegations in paragraph 7.

8. Defendant is without sufficient information to admit or deny the allegations of paragraph 8 and therefore denies the allegations in paragraph 8.

9. Defendant is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies the allegations in paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and therefore denies the allegations in paragraph 10.

11. Defendant is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies the allegations in paragraph 11.

12. Defendant admits that he was a Director of Defendant Blockchain. Defendant denies all other allegations in paragraph 12.

13. Defendant is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant admits that this Court has subject matter jurisdiction over the claims asserted in this action.

19. Defendant admits that venue is proper.

20. Defendant is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies the allegations in paragraph 20.

21. Defendant is without sufficient information to admit or deny the allegations of paragraph 21 and therefore denies the allegations in paragraph 21.

22. Defendant is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies the allegations in paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies the allegations in paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies the allegations in paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies the allegations in paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations of paragraph 26 and therefore denies the allegations in paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations of paragraph 27 and therefore denies the allegations in paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations of paragraph 28 and therefore denies the allegations in paragraph 28.

29. Defendant is without sufficient information to admit or deny the allegations of paragraph 29 and therefore denies the allegations in paragraph 29.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

30.     Defendant is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies the allegations in paragraph 30.

31.     Defendant is without sufficient information to admit or deny the allegations of paragraph 31 and therefore denies the allegations in paragraph 31.

32.     Defendant is without sufficient information to admit or deny the allegations of paragraph 32 and therefore denies the allegations in paragraph 32.

33.     Defendant is without sufficient information to admit or deny the allegations of paragraph 33 and therefore denies the allegations in paragraph 33.

34.     Defendant is without sufficient information to admit or deny the allegations of paragraph 34 and therefore denies the allegations in paragraph 34.

35.     Defendant is without sufficient information to admit or deny the allegations of paragraph 35 and therefore denies the allegations in paragraph 35.

36.     Defendant is without sufficient information to admit or deny the allegations of paragraph 36 and therefore denies the allegations in paragraph 36.

37.     Defendant is without sufficient information to admit or deny the allegations of paragraph 37 and therefore denies the allegations in paragraph 37.

38.     Defendant is without sufficient information to admit or deny the allegations of paragraph 38 and therefore denies the allegations in paragraph 38.

39.     Defendant is without sufficient information to admit or deny the allegations of paragraph 39 and therefore denies the allegations in paragraph 39.

40.     Defendant is without sufficient information to admit or deny the allegations of paragraph 40 and therefore denies the allegations in paragraph 40.

41.     Defendant is without sufficient information to admit or deny the allegations of paragraph 41 and therefore denies the allegations in paragraph 41.

42.     Defendant is without sufficient information to admit or deny the allegations of paragraph 42 and therefore denies the allegations in paragraph 42.

43.     Defendant is without sufficient information to admit or deny the allegations of paragraph 43 and therefore denies the allegations in paragraph 43.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

44.     Defendant is without sufficient information to admit or deny the allegations of paragraph 44 and therefore denies the allegations in paragraph 44.

45.     Defendant is without sufficient information to admit or deny the allegations of paragraph 45 and therefore denies the allegations in paragraph 45.

46.     Defendant is without sufficient information to admit or deny the allegations of paragraph 46 and therefore denies the allegations in paragraph 46.

47.     Defendant is without sufficient information to admit or deny the allegations of paragraph 47 and therefore denies the allegations in paragraph 47.

48.     Defendant is without sufficient information to admit or deny the allegations of paragraph 48 and therefore denies the allegations in paragraph 48.

49.     Defendant is without sufficient information to admit or deny the allegations of paragraph 49 and therefore denies the allegations in paragraph 49.

50.     Defendant is without sufficient information to admit or deny the allegations of paragraph 50 and therefore denies the allegations in paragraph 50.

51.     Defendant is without sufficient information to admit or deny the allegations of paragraph 51 and therefore denies the allegations in paragraph 51.

52.     Defendant is without sufficient information to admit or deny the allegations of paragraph 52 and therefore denies the allegations in paragraph 52.

53.     Defendant is without sufficient information to admit or deny the allegations of paragraph 53 and therefore denies the allegations in paragraph 53.

54.     Defendant is without sufficient information to admit or deny the allegations of paragraph 54 and therefore denies the allegations in paragraph 54.

55.     Defendant is without sufficient information to admit or deny the allegations of paragraph 55 and therefore denies the allegations in paragraph 55.

56.     Defendant is without sufficient information to admit or deny the allegations of paragraph 56 and therefore denies the allegations in paragraph 56.

57.     Defendant is without sufficient information to admit or deny the allegations of paragraph 57 and therefore denies the allegations in paragraph 57.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

58.     Defendant is without sufficient information to admit or deny the allegations of paragraph 58 and therefore denies the allegations in paragraph 58.

59.     Defendant is without sufficient information to admit or deny the allegations of paragraph 59 and therefore denies the allegations in paragraph 59.

60.     Defendant is without sufficient information to admit or deny the allegations of paragraph 60 and therefore denies the allegations in paragraph 60.

61.     Defendant is without sufficient information to admit or deny the allegations of paragraph 61 and therefore denies the allegations in paragraph 61.

62.     Defendant is without sufficient information to admit or deny the allegations of paragraph 62 and therefore denies the allegations in paragraph 62.

63.     Defendant is without sufficient information to admit or deny the allegations of paragraph 63 and therefore denies the allegations in paragraph 63.

64.     Defendant is without sufficient information to admit or deny the allegations of paragraph 64 and therefore denies the allegations in paragraph 64.

65.     Defendant is without sufficient information to admit or deny the allegations of paragraph 65 and therefore denies the allegations in paragraph 65.

66.     Defendant is without sufficient information to admit or deny the allegations of paragraph 66 and therefore denies the allegations in paragraph 66.

67.     Defendant is without sufficient information to admit or deny the allegations of paragraph 67 and therefore denies the allegations in paragraph 67.

68.     Defendant is without sufficient information to admit or deny the allegations of paragraph 68 and therefore denies the allegations in paragraph 68.

69.     Defendant is without sufficient information to admit or deny the allegations of paragraph 69 and therefore denies the allegations in paragraph 69.

70.     Defendant is without sufficient information to admit or deny the allegations of paragraph 70 and therefore denies the allegations in paragraph 70.

71.     Defendant is without sufficient information to admit or deny the allegations of paragraph 71 and therefore denies the allegations in paragraph 71.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

72.     Defendant is without sufficient information to admit or deny the allegations of paragraph 72 and therefore denies the allegations in paragraph 72.

73.     Defendant is without sufficient information to admit or deny the allegations of paragraph 73 and therefore denies the allegations in paragraph 73.

74.     Defendant is without sufficient information to admit or deny the allegations of paragraph 74 and therefore denies the allegations in paragraph 74.

75.     Defendant is without sufficient information to admit or deny the allegations of paragraph 75 and therefore denies the allegations in paragraph 75.

76.     Defendant is without sufficient information to admit or deny the allegations of paragraph 76 and therefore denies the allegations in paragraph 76.

77.     Paragraph 77 contains only legal conclusions and therefore does not require a response.

78.     Paragraph 78 contains only legal conclusions and therefore does not require a response.

79.     Defendant is without sufficient information to admit or deny the allegations of paragraph 79 and therefore denies the allegations in paragraph 79.

80.     Defendant is without sufficient information to admit or deny the allegations of paragraph 80 and therefore denies the allegations in paragraph 80.

81.     Defendant is without sufficient information to admit or deny the allegations of paragraph 81 and therefore denies the allegations in paragraph 81.

82.     Defendant is without sufficient information to admit or deny the allegations of paragraph 82 and therefore denies the allegations in paragraph 82.

83.     Defendant is without sufficient information to admit or deny the allegations of paragraph 83 and therefore denies the allegations in paragraph 83.

84.     Defendant is without sufficient information to admit or deny the allegations of paragraph 84 and therefore denies the allegations in paragraph 84.

85.     Defendant is without sufficient information to admit or deny the allegations of paragraph 85 and therefore denies the allegations in paragraph 85.

86.     Defendant is without sufficient information to admit or deny the allegations of paragraph 86 and therefore denies the allegations in paragraph 86.

87.     Defendant is without sufficient information to admit or deny the allegations of paragraph 87 and therefore denies the allegations in paragraph 87.

88.     Defendant is without sufficient information to admit or deny the allegations of paragraph 88 and therefore denies the allegations in paragraph 88.

89.     Defendant is without sufficient information to admit or deny the allegations of paragraph 89 and therefore denies the allegations in paragraph 89.

90.     Defendant is without sufficient information to admit or deny the allegations of paragraph 90 and therefore denies the allegations in paragraph 90.

91.     Defendant is without sufficient information to admit or deny the allegations of paragraph 91 and therefore denies the allegations in paragraph 91.

92.     Defendant is without sufficient information to admit or deny the allegations of paragraph 92 and therefore denies the allegations in paragraph 92.

93.     Defendant is without sufficient information to admit or deny the allegations of paragraph 93 and therefore denies the allegations in paragraph 93.

94.     Defendant is without sufficient information to admit or deny the allegations of paragraph 94 and therefore denies the allegations in paragraph 94.

95.     Defendant is without sufficient information to admit or deny the allegations of paragraph 95 and therefore denies the allegations in paragraph 95.

96.     Defendant is without sufficient information to admit or deny the allegations of paragraph 96 and therefore denies the allegations in paragraph 96.

97.     Defendant is without sufficient information to admit or deny the allegations of paragraph 97 and therefore denies the allegations in paragraph 97.

98.     Defendant is without sufficient information to admit or deny the allegations of paragraph 98 and therefore denies the allegations in paragraph 98.

99.     Defendant is without sufficient information to admit or deny the allegations of paragraph 99 and therefore denies the allegations in paragraph 99.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

100.    Paragraph 100 is not alleged against Defendant; accordingly, no response is required.

101.    Paragraph 101 is not alleged against Defendant; accordingly, no response is required.

102.    Paragraph 102 is not alleged against Defendant; accordingly, no response is required.

103.    Paragraph 103 is not alleged against Defendant; accordingly, no response is required.

104.    Paragraph 104 is not alleged against Defendant; accordingly, no response is required.

105.    Paragraph 105 is not alleged against Defendant; accordingly, no response is required.

106.    Paragraph 106 is not alleged against Defendant; accordingly, no response is required.

107.    Paragraph 107 is not alleged against Defendant; accordingly, no response is required.

108.    Paragraph 108 is not alleged against Defendant; accordingly, no response is required.

109.    Paragraph 109 is not alleged against Defendant; accordingly, no response is required.

110.    Paragraph 110 is not alleged against Defendant; accordingly, no response is required.

111.    Paragraph 111 is not alleged against Defendant; accordingly, no response is required.

112.    Paragraph 112 is not alleged against Defendant; accordingly, no response is required.

113.    Paragraph 113 is not alleged against Defendant; accordingly, no response is required.

1    114.    Paragraph 114 is not alleged against Defendant; accordingly, no response is
2    required.

3    115.    Paragraph 115 is not alleged against Defendant; accordingly, no response is
4    required.

5    116.    Paragraph 116 is not alleged against Defendant; accordingly, no response is
6    required.

7    117.    Paragraph 117 is not alleged against Defendant; accordingly, no response is
8    required.

9    118.    Paragraph 118 is not alleged against Defendant; accordingly, no response is
10    required.

11    119.    Paragraph 119 is not alleged against Defendant; accordingly, no response is
12    required.

13    120.    Paragraph 120 is not alleged against Defendant; accordingly, no response is
14    required.

15    121.    Paragraph 121 is not alleged against Defendant; accordingly, no response is
16    required.

17    122.    Paragraph 122 is not alleged against Defendant; accordingly, no response is
18    required.

19    123.    Paragraph 123 is not alleged against Defendant; accordingly, no response is
20    required.

21    124.    Paragraph 124 is not alleged against Defendant; accordingly, no response is
22    required.

23    125.    Paragraph 125 is not alleged against Defendant; accordingly, no response is
24    required.

25    126.    Paragraph 126 is not alleged against Defendant; accordingly, no response is
26    required.

27    127.    Paragraph 127 is not alleged against Defendant; accordingly, no response is
28    required.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

128.   Paragraph 128 is not alleged against Defendant; accordingly, no response is required.

129.   Paragraph 129 is not alleged against Defendant; accordingly, no response is required.

130.   Paragraph 130 is not alleged against Defendant; accordingly, no response is required.

131.   Paragraph 131 is not alleged against Defendant; accordingly, no response is required.

132.   Paragraph 132 is not alleged against Defendant; accordingly, no response is required.

133.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 133.

134.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 134.

135.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 135.

136.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 136.

137.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 137.

138.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 138.

1    139.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

2    Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

3    no response is required to paragraph 139.

4    140.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

5    Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

6    no response is required to paragraph 140.

7    141.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

8    Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

9    no response is required to paragraph 141.

10   142.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

11   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

12   no response is required to paragraph 142.

13   143.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

14   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

15   no response is required to paragraph 143.

16   144.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

17   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

18   no response is required to paragraph 144.

19   145.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

20   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

21   no response is required to paragraph 145.

22   146.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

23   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

24   no response is required to paragraph 146.

25   147.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to

26   Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly,

27   no response is required to paragraph 147.

28

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

148.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 148.

149.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 149.

150.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 150.

151.   Defendant repeats, re-alleges, and incorporates by reference each and every response to the allegations in the preceding and subsequent paragraphs in the Complaint.

152.   The allegations in paragraph 152 contain solely legal conclusions; accordingly, no response is required.

153.   Defendant denies the allegations in paragraph 153.

154.   Defendant denies the allegations in paragraph 154.

155.   Defendant repeats, re-alleges, and incorporates by reference each and every response to the allegations in the preceding and subsequent paragraphs in the Complaint.

156.   The allegations in paragraph 156 contain solely legal conclusions; accordingly, no response is required.

157.   The allegations in paragraph 157 contain solely legal conclusions; accordingly, no response is required.

158.   Defendant denies the allegations in paragraph 158.

159.   Defendant denies the allegations in paragraph 159.

160.   Defendant denies the allegations in paragraph 160.

161.   Defendant denies the allegations in paragraph 161.

162.   Paragraph 162 is not alleged against Defendant; accordingly, no response is required.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

163. Paragraph 163 is not alleged against Defendant; accordingly, no response is required.

164. Paragraph 164 is not alleged against Defendant; accordingly, no response is required.

165. Paragraph 165 is not alleged against Defendant; accordingly, no response is required.

166. Paragraph 166 is not alleged against Defendant; accordingly, no response is required.

167. Paragraph 167 is not alleged against Defendant; accordingly, no response is required.

168. Paragraph 168 is not alleged against Defendant; accordingly, no response is required.

169. Paragraph 169 is not alleged against Defendant; accordingly, no response is required.

170. Paragraph 170 is not alleged against Defendant; accordingly, no response is required.

171. Paragraph 171 is not alleged against Defendant; accordingly, no response is required.

172. Paragraph 172 is not alleged against Defendant; accordingly, no response is required.

173. Paragraph 173 is not alleged against Defendant; accordingly, no response is required.

174. Paragraph 174 is not alleged against Defendant; accordingly, no response is required.

175. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 175.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

176.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 176.

177.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 177.

178.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 178.

179.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 179.

180.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 180.

181.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 181.

182.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 182.

183.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 183.

184.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 184.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

185. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 185.

186. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 186.

187. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 187.

188. Paragraph 188 is not alleged against Defendant; accordingly, no response is required.

189. Paragraph 189 is not alleged against Defendant; accordingly, no response is required.

190. Paragraph 190 is not alleged against Defendant; accordingly, no response is required.

191. Paragraph 191 is not alleged against Defendant; accordingly, no response is required.

192. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 192.

193. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 193.

194. Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 194.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

195.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 195.

196.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 196.

197.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 197.

198.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 198.

199.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 199.

200.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 200.

201.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 201.

202.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 202.

203.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 203.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

204.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 204.

205.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 205.

206.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 206.

207.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 207.

208.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 208.

209.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 209.

210.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 210.

211.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 211.

212.   Per the Court's February 11, 2025 Order Granting Defendant's Motion to Dismiss [Doc. 62], this cause of action has been dismissed as to Defendant; accordingly, no response is required to paragraph 212.

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint, labeled (1) through (8), are requests for relief to which no response is required. To the extent a response may be required, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

**DEFENDANT'S AFFIRMATVE DEFENSES**

1.      The Complaint fails to state a claim on which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3.      Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

4.      At all times, Defendant was acting in good faith and had reasonable grounds for believing his actions were in compliance with the FLSA.

5.      Defendant did not know or show reckless disregard for whether his conduct was prohibited by the FLSA.

6.      Plaintiff's claims are barred in whole or in part to the extent he did not mitigate his damages, waived his claims, are estopped, barred by laches, or barred by unclean hands.

7.      Defendant has not violated any legal duty owner to Plaintiff and therefore Plaintiff is not entitled to recovery against Defendant.

8.      Plaintiff's claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, and release.

9.      Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has failed to properly perform his respective duties and failed to perform those duties which Defendant realistically expected him to perform.

10.     Plaintiff's claims, in whole or in part, are barred to the extent he violated policies and guidelines or disregarded his supervisor's or manager's instructions.

11.   Defendant is absolutely immune and/or qualifiedly immune on one or more of Plaintiff's claims.

12.   If Plaintiff was injured as alleged, his injuries were proximately caused by his own acts or omissions.

13.   If Plaintiff was injured as alleged, his injuries were proximately caused by the acts or omissions of independent third parties.

14.   Plaintiff has failed to mitigate his alleged damages.

15.   Defendant reserves the right to amend this Answer and to assert additional defenses as this action proceeds.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that the Court:

A.   Dismiss Plaintiff's Complaint with prejudice;

B.   Enter judgment against Plaintiff and for Defendant;

C.   Award Defendant its costs in this action; and

D.   Award Defendant such other relief as this Court deems just and equitable.

Dated: February 25, 2025          SERGENIAN LAW, P.C.


By:   */s/David A. Sergenian*
      David A. Sergenian

Counsel for Defendant MICHAEL CONN

MICHAEL CONN'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES